UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUKE AUDIO INC., <br><br> Plaintiff, <br><br> v. <br><br> ZHONGKE WANYING (BEIJING) TECHNOLOGY CO., LTD. D/B/A OPENAUDIO, <br><br> Defendant. | CASE NO. 25-CV-8469 <br><br> COMPLAINT FOR UTILITY PATENT INFRINGEMENT AND FALSE ADVERTISING <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

1. Plaintiff Juke Audio Inc. ("Plaintiff" or "Juke Audio") hereby brings this action for patent infringement and false advertising against Defendant Zhongke Wanying (Beijing) Technology Co., Ltd. d/b/a OpenAudio ("Defendant" or "OpenAudio"), and in support of the same, alleges as follows.

## NATURE OF THE ACTION

2. This action is for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, 285, and 289.

3. This action is also for false advertising arising out of the Lanham Act, 15 U.S.C. § 1125(a) based on false statements of celebrity and Federal Communications Commission ("FCC") endorsement by Defendant of its products.

## THE PARTIES

4. Plaintiff is a corporation organized under the laws of the state of Delaware, and has a principal place of business at 112 20th Street, Manhattan Beach, CA 90266.

1

5.     Plaintiff is the owner by assignment of, and has the right to sue for infringement of, U.S. Patent No. 11,166,102 (the "'102 Patent"). A true and correct copy of the '102 Patent is attached hereto as Exhibit 1.

6.     Upon information and belief, Defendant is a Chinese entity with no place of business in the United States.

## JURISDICTION AND VENUE

7.     This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 1, *et seq.*, 28 U.S.C. § 1338(a)-(b), and 28 U.S.C. § 1331.

8.     The Court also has original subject matter jurisdiction over the claims in this action pursuant to the Lanham Act, including 15 U.S.C. § 1125(a), under 35 U.S.C. § 1331.

9.     This Court may properly exercise personal jurisdiction over Open Audio since Open Audio targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive, commercial Amazon.com storefront at https://www.amazon.com/stores/OpenAudio/page/04F78C91-3C6F-4541-AED4-4DB9FD576226?lp_asin=B0DRDKKSB6&ref_=ast_bln&store_ref=bl_ast_dp_brandLogo_sto



10. Specifically, Open Audio is reaching out to do business with Illinois residents by operating the Open Audio Amazon Storefront through which Illinois residents can purchase (and do purchase) Open Audio Infringing Products (as that term is defined below).

11. Defendant Open Audio has targeted sales from Illinois residents by operating an online store—the Open Audio Amazon Storefront—that offers shipping to the United States, including Illinois, and accepts payment in U.S. dollars.

12. Defendant Open Audio has sold Open Audio Infringing Products to residents of Illinois via the Open Audio Amazon Storefront.

13. Defendant Open Audio also targets sales to, and has made sales to, residents of the State of Illinois via its open-web website https://www.openaudiohome.com/shop/ ("Open Audio Website").

14. Both by way of the Open Audio Amazon Storefront and the Open Audio Website, Defendant Open Audio is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

15. The Court's exercise of jurisdiction over Defendant Open Audio will not offend traditional notions of fair play and substantial justice.

16. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as, on information and belief, Open Audio is a Chinese entity without a principal place of business in the United States.

17. On information and belief, Defendant is an individual and/or business entity of unknown makeup that owns and/or operates the e-commerce stores at the OpenAudio Amazon Storefront and at the OpenAudio Web Page. On information and belief, Defendant resides and/or operates in the People's Republic of China or another foreign jurisdiction with a lax intellectual property enforcement system, or redistributes products from the same or similar sources in those

locations. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

18. On information and belief, tactics used by Defendant to conceal its identity and the full scope of its operations make it virtually impossible for Plaintiff to learn Defendant's true identity and the exact interworking of its network. If Defendant provides additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint and any attempts to serve Defendant based on the same.

## BACKGROUND

19. Plaintiff is an innovator in the home audio space, and sells its top-end products through its webpage: https://www.jukeaudio.com/product.

20. Plaintiff has expended, and continues to expend, substantial resources in developing high quality audio products for sale to discerning customers.

21. Among other products, Plaintiff sells products that practice the '102 Patent. Plaintiff's Juke 6&8 Product, as well as its Juke+ product, practice the claims of the '102 Patent.

22. Plaintiff virtually marks its patent practicing Juke Audio products via its patent marking website at https://www.jukeaudio.com/patents.

23. On information and belief, Defendant's corporate name is Zhongke Wanying (Beijing) Technology Co., Ltd., and its principal place of business is Rm 712, 7/F, BLDG 3, Yard 19, Jinsha West St., Mentougou Dist., Beijing CHINA 102300.

24. Defendant operates an Amazon.com storefront under the "OpenAudio" brand at the following URL: https://www.amazon.com/stores/OpenAudio/page/04F78C91-3C6F-4541-AED4-4DB9FD576226?lp_asin=B0DRDKKSB6&ref_=ast_bln&store_ref=bl_ast_dp_brandLogo_sto

25. Defendant also operates its own website at the following URL: https://www.openaudiohome.com/shop/.

26. Defendant apparently intends that its Amazon storefront and its own web page appear to be selling genuine products. However, unbeknownst to consumers, Defendant is, in fact, selling products that infringe Plaintiff's patents and rely on false advertising to make sales. And despite repeated attempts to take action through Amazon.com's internal patent enforcement procedures, Defendant has not ceased selling such infringing products (either voluntarily or as compelled by Amazon.com).

27. Plaintiff is thus forced to file this action to combat Defendant's infringement of Plaintiff's patented home audio systems, as well as to protect innocent consumers from purchasing products that infringe Plaintiff's patents, including the '102 Patent, on Amazon.com and elsewhere.

28. On information and belief, Defendant sells infringing products at the following URLs and having the Amazon Seller Identification Numbers ("ASINs") shown in the following table. Collectively, the products sold at the following URLs and/or having the following ASINs (as well as any substantially identical items that Defendant sells in the future or has sold in the past with different ASINs) are referred to as the "OpenAudio Infringing Products."

| OpenAudio Amazon.com URLs | OpenAudio ASIN |
|---|---|
| https://www.amazon.com/dp/B0DRDKKSB6 | B0DRDKKSB6 |
| https://www.amazon.com/dp/B0DRHTCDJ8 | B0DRHTCDJ8 |
| https://www.amazon.com/dp/B0DS73XND1 | B0DS73XND1 |
| https://www.amazon.com/dp/B0CTBVZFB3 | B0CTBVZFB3 |
| https://www.amazon.com/dp/B0CFYKNPNK | B0CFYKNPNK |

29. In addition to the above products sold on Amazon.com, OpenAudio sells infringing products at the OpenAudio Website. In particular, the products offered for sale at the following websites infringe the '102 Patent, and also make up the OpenAudio Infringing Products.

Holo-Whas – https://www.openaudiohome.com/holo-whas/

Holo-Whas Ultra – https://www.openaudiohome.com/holo-whas-ultra/

Holo-Whas Ultra GC – https://www.openaudiohome.com/holowhas-ultra-gc/

Holo-Whas Plus – https://www.openaudiohome.com/holo-whas-plus/

Holo-Whas Plus GC – https://www.openaudiohome.com/holowhas-plus-gc/

Holo-Was Max – https://www.openaudiohome.com/holo-whas-max/

30. Defendant OpenAudio is making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use products that infringe directly and/or indirectly the '102 Patent in the form of at least the OpenAudio Infringing Products.

31. Defendant OpenAudio, without any authorization or license from Plaintiff, has offered for sale, sold, and/or imported into the United States for subsequent resale or use products that infringe the '102 Patent, and continues to do so via the OpenAudio Amazon Storefront and at the OpenAudio Amazon.com URLs referenced in the table above. It also continues to do so on the OpenAudio Web Site as detailed above.

32. Defendant OpenAudio's infringement of the '102 Patent, including the offering for sale and sale of the OpenAudio Infringing Products in Illinois, is irreparably harming Plaintiff.

33. In addition to infringing on Plaintiff's '102 Patent, Defendant OpenAudio is also relying on purported statements that, on information and belief, are concocted endorsements of OpenAudio's products from famous sources and from Federal government agencies.

34. For example, OpenAudio relies on the following statement, purportedly from filmmaker James Cameron, as can be seen at the website https://www.openaudiohome.com/openaudio/:



35. OpenAudio also relies on the following statement, purportedly from Bob Iger, CEO of the Walt Disney Company, also available at https://www.openaudiohome.com/openaudio/:



36. Finally, OpenAudio relies on the following statement, purportedly from singer/songwriter Taylor Swift, also available at https://www.openaudiohome.com/openaudio/:

7



37. These same false endorsements can be found on the Open Audio Amazon Storefront at the following URL: https://www.amazon.com/stores/page/CD0A3D8C-272A-4EC1-B92E-EC1621F43545, a true and correct copy of which is attached hereto as Exhibit 3 hereto.

38. On information and belief, none of the above endorsements are actually statements made by the people who purportedly made them.

39. In addition, as of July 22, 2025 (the day before the filing of the instant Complaint), OpenAudio includes statements on its website regarding Federal Communications Commission ("FCC") compliance at the following URL: https://www.openaudiohome.com/fcc-and-whole-home-audio-system/.

> **FCC Certification and Whole Home Audio System**
>
> Whole Home Audio System, especially its core component Multi-room Streaming Amplifier should pass FCC Certifidation. All multi-room streaming amplifier from OpenAudio pass FCC Certification. If some multi-room streaming amplifier doesn't pass the FCC Certification, it is better not bought it.

Exhibit 4 hereto is a true and accurate copy of the above-cited web page as of the date of the filing of the instant Complaint.

8

40. OpenAudio maintains these purported statements of endorsement, and of FCC compliance, on its website to coerce and trick consumers into believing that certain celebrities are endorsing OpenAudio's products or that the FCC has certified its products. This false advertising is to the detriment of Plaintiff.

## COUNT I
## INFRINGEMENT OF THE '102 PATENT

41. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 to 40 above as if set forth fully herein.

42. Defendant OpenAudio makes, uses, offers for sale, sells, and/or imports into the United States for subsequent sale or use the OpenAudio Infringing Products.

43. The OpenAudio Infringing Products infringe at least claim 1 of the '102 Patent, as shown in the claim chart attached as Exhibit 2 hereto.

44. Defendant OpenAudio has been on notice of Plaintiff's belief that Defendant infringes the '102 Patent since at least January 8, 2025, when Plaintiff sent to Defendant a letter detailing Defendant's infringement.

45. The OpenAudio Infringing Products directly infringe at least claim 1 of the '102 Patent under 35 U.S.C. § 271(a).

46. Based on OpenAudio's knowledge of the '102 Patent since at least January 8, 2025, the OpenAudio Infringing Products also indirectly infringe the '102 Patent. OpenAudio actively induces its customers to infringe the '102 Patent, and it contributes to the infringement of the '102 Patent, making it liable for infringement under 35 U.S.C. § 271(b) and (c).

47. On information and belief, despite OpenAudio being aware of its infringement of the '102 Patent since at least January 8, 2025, OpenAudio has done nothing to alter or avoid infringement of the '102 Patent.

48. As a result, OpenAudio's infringement of the '102 Patent has been, and continues to be, willful.

49. Defendant OpenAudio will continue to willfully infringe the '102 Patent unless enjoined by this Court.

50. Defendant OpenAudio's infringing conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented inventions. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

51. Unless a temporary restraining order, preliminary injunction, and permanent injunction are issued enjoining Defendant OpenAudio and all others acting in active concert therewith from infringing the '102 Patent, Plaintiff will continue to be irreparably harmed.

52. Plaintiff complies with 35 U.S.C. § 287 at least by virtually marking its products with its patents, including the '983 Patent, at the website https://www.jukeaudio.com/patents.

53. Plaintiff is entitled to recover damages adequate to compensate it for the infringement, including Defendant OpenAudio's profits pursuant to 35 U.S.C. § 289. Plaintiff is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284, including enhanced damages for willful infringement.

## COUNT II
## FEDERAL FALSE ADVERTISING

54. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 to 53 above as if set forth fully herein.

55. OpenAudio's website contains a statement purportedly from celebrity director James Cameron endorsing OpenAudio's products.

56. OpenAudio's website contains a statement purportedly from Walt Disney Company CEO Bob Iger endorsing OpenAudio's products.

57. OpenAudio's website contains a statement purportedly from singer/songwriter Taylor Swift endorsing OpenAudio's products.

58. OpenAudio's Amazon.com web page reproduce and restate these false claims.

59. On information and belief, neither Mr. Cameron, Mr. Iger, nor Ms. Swift made these statements.

60. Accordingly, the statements from purportedly from Mr. Cameron, Mr. Iger, and Ms. Swift are false statements of endorsement of OpenAudio's products.

61. OpenAudio's web site contains false claims about its products being FCC-compliant.

62. OpenAudio's advertisement of products endorsed by Mr. Cameron, Mr. Iger, and Ms. Swift, and products that are FCC-compliant, are literally false. Yet the assertion that such products are so endorsed or so certified explicitly conveys an unambiguous message that these celebrities have endorsed OpenAudio's products, and that the FCC has certified these products, such that a consumer making a purchasing decision would do so under the misimpression of endorsement and certification.

63. OpenAudio's advertisements have therefore deceived consumers into believing that by purchasing products from OpenAudio, they are purchasing products endorsed by Mr. Cameron, Mr. Iger, and Ms. Swift.

64. OpenAudio's advertisements have also deceived consumers into believing that by purchasing products from OpenAudio, they are purchasing FCC-compliant products.

65. Accordingly, actual deception or at least a tendency to deceive a substantial portion of the intended audience has occurred.

66. The deception is based on commercial advertising for OpenAudio's products that misrepresents the characteristics or qualities of OpenAudio's products.

67. The deception is material in that it is likely to influence purchasing decisions.

68. The advertised goods, purportedly endorsed by Mr. Cameron, Mr. Iger, and Ms. Swift and certified by the FCC, travel in interstate commerce.

69. Juke Audio is being damaged, and is likely to be damaged, but these acts of false advertising at least because consumers buying inferior products are doing so based on false endorsements by celebrities.

70. Accordingly, OpenAudio is liable to Juke Audio under 15 U.S.C. § 1125(a).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

1) That Defendant, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a. making, using, selling, offering for sale, and importing any products not authorized by Plaintiff that embody or practice any reproduction, copy or colorable imitation of the ornamental design claimed in the '102 Patent;

    b. aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the '102 Patent; and

    c. effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the

prohibitions set forth in Subparagraphs (a) and (b);

2) That the Court enter an Order that, upon Plaintiff's request, those in privity and/or in active concert with Defendant, or those with notice of the injunction, including, without limitation, any online marketplace platforms such as iOffer, eBay, AliExpress, Alibaba, Amazon, Shein, Shopee, Wish.com, Walmart.com, TikTok Shop, Temu, and Dhgate, web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, internet search engines such as Google, Bing and Yahoo (collectively, the "Third Party Providers") shall:

    a. disable and cease providing services being used by Defendant, currently or in the future, to engage in the sale of goods that infringe the '102 Patent;

    b. disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of infringing goods using the '102 Patent; and

    c. take all steps necessary to prevent links to the OpenAudio Infringing Products from displaying in search results, including, but not limited to, removing links to the OpenAudio Infringing Products from any search index;

3) That Plaintiff be awarded such damages as it shall prove at trial against Defendant that are adequate to compensate Plaintiff for infringement of the '102 Patent, including and not limited to all of the profits realized by Defendant, or others acting in concert or participation with Defendant, from Defendant's infringement of the '102 Patent;

4) That the Court increase the damages up to three times the amount found or assessed, after an accounting, pursuant to 35 USC § 284, based on OpenAudio's willful infringement;

5) A declaration that OpenAudio has engaged in false advertising under 15 U.S.C. § 1125(a);

6) Judgment against OpenAudio awarding Juke Audio damages in an amount to be determined, in addition to damages for patent infringement, based on OpenAudio's false advertising;

7) Judgment against OpenAudio barring it from continuing its false advertising;

8) That Plaintiff be awarded its reasonable attorneys' fees and costs; and

9) That Plaintiff be awarded any and all other relief that this Court deems just and proper.

By: /s/ *Benjamin E. Weed*
Counsel for Juke Audio Inc.

Benjamin E. Weed
BEW LLC
5336 Lyman Ave.
Downers Grove, IL 60515
ben@bewlawyer.com
(847) 456–1430

Dated: July 23, 2025